REQUESTED BY: Dear Senator:
This is in reply to your inquiry concerning the constitutionality of a provision in LB 556 which mandates that a person accused of a certain sexual offense post 100 percent of any bond set.
As you know, there is no provision in either the Nebraska or United States Constitutions which requires that a person be placed on bail upon paying a deposit or percentage of the amount set. The provision in the Nebraska Constitution, Article I, section 9, merely states that the bail shall be by sufficient sureties and that excessive bail shall not be required. The United States Constitution merely states that excessive bail shall not be required. Article VIII.
It cannot be said that the requirement of a deposit of the full amount set necessarily violates such provision. Some courts may set the bail low enough in the cases under consideration that 100 percent thereof would be less than 10 percent of the total bail set for other crimes.
A more serious constitutional question than that of excessive bail is the question of whether or not singling out of special treatment for this one crime denies to persons accused of committing that crime a denial of the equal protection of the law as required by the Fourteenth Amendment to the United States Constitution. As mentioned by you, classifications created by statute must not be arbitrary but must have a reasonable and sound basis logically related to the public interest intended to be protected.
Insofar as setting the amount of bail, 8 Am.Jur.2d, Bail and Recognizance § 72, summarizes the matters generally accepted to be important as follows:
 "In setting the amount of bail, the principal factor considered, to the determination of which most other factors are directed, is the probability of the appearance of the accused, or of his flight to avoid punishment. Hence, the possible penalty that may be imposed is a major factor to be considered in determining the amount of bail. And the severity of the penalty, of course, generally depends on the seriousness of the crime with which the defendant is charged. Therefore, the seriousness of the offense is a valid consideration."
There are other factors which may also be taken into consideration by the courts in setting the amount but these are not the subject of this legislation.
This legislation applies only to persons charged with the commission of any degree of sexual assault. As you know, conviction of these crimes varies from a possible penalty of from one to twenty-five years in the penitentiary for a conviction of sexual assault in the first degree to a penalty of a maximum of one year imprisonment for sexual assault in the second degree without serious personal injury to the victim.
This compares with other crimes presently on the statutes such as robbery which carries a penalty of not less than three nor more than fifty years in the penitentiary (28-414), train robbery ten years to life in the penitentiary (28-415), kidnapping from three to fifty years in the penitentiary (28-417), shooting, stabbing, etc. with intent to kill, wound or maim one to fifty years in the penitentiary (28-410). We have not attempted to list all of the crimes carrying larger penalties than sexual assault crimes but there are others.
The avowed purpose of bail is an attempt to assure that the accused will appear for trial. The possible penalty for the crime with which an accused is charged is a major factor in determining whether or not an accused is likely to jump bail. Since the sexual crimes carry a lesser penalty than many of the other serious crimes which are bailable, it would be difficult, in our opinion, to defend the constitutionality of such a classification by the Legislature. This does not mean that the judge setting bail, in his discretion, may not take into consideration in each particular case the character and reputation of the accused, the seriousness of the particular crime, the strength of the evidence and other factors.